IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Scott Henry, *a/k/a Chicken Man*, <br><br> Plaintiff, <br><br> v. <br><br> Nurse Lydia; Nurse Tamara; Nurse Brittany; Officer Lewis; Officer Wells; Cherokee County Detention Center; Officer Blackwell; and Officer Beloe, <br><br> Defendants. | C/A No. 8:23-cv-1114-SAL <br><br><br> **ORDER** |

Plaintiff Christopher Scott Henry, a pretrial detainee proceeding pro se and in forma pauperis, filed this civil action against the named defendants pursuant 42 U.S.C. § 1983, alleging violations of his constitutional rights. [ECF No. 1.] This matter is before the court on a Report and Recommendation (the "Report") issued by former United States Magistrate Judge Jacquelyn D. Austin,[1] made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C), recommending that this case be summarily dismissed. [ECF No. 16.] Attached to the Report was a notice advising Plaintiff of the right to file objections to the Report. *Id.* at 17. On May 30, 2023, the court received Plaintiff's objections. [ECF No. 19.] Also, since the Report issued, the court has received six letters from Plaintiffs. [ECF Nos. 18, 21, 22, 23, 25, 26.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[1] Judge Austin is now a United States District Judge.

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report thoroughly outlines the procedural history of this case, the claims made by Plaintiff in his complaint, the applicable law, and the reasons summary dismissal is appropriate. And the court adopts the entirety of the report without a full recitation. As referenced above, Plaintiff is a pretrial detainee at the Cherokee County Detention Center. In his complaint, he raises claims related to black mold, overcrowding, a lack of medical care, being given knit panties to wear as boxers, and a lack of access to a law library. *See* ECF No. 13-2.

The Report sets forth many reasons this case should be summarily dismissed. First, as to the Cherokee County Detention Center, that entity is not subject to suit, as it is not a person under § 1983. [ECF No. 16 at 6–7.] As to the individual defendants, "Plaintiff fails to make allegations against them about their direct, personal involvement in the events underlying his claims. Instead, Plaintiff merely names these Defendants in the caption and makes only general, vague allegations about the injuries he allegedly suffered." *Id.* at 7. For that reason, the individual defendants should also be dismissed. With regard to Plaintiff's claims, the Report outlines why Plaintiff has not plausibly alleged his claims of overcrowding, conditions of confinement, access to law library, and deliberate indifference. *Id.* at 8–16. Again, the court agrees with and adopts the reasoning in the Report.

In his objections, Plaintiff does not provide greater clarity or specifics as to his claims. *See* ECF No. 19. Instead, he asks that he be given copies of video surveillance from E unit for various months in 2022 and 2023. *Id.* He also states that he cannot go to a doctor to get his back looked at since he is in jail. [ECF No. 19-2.] The letters Plaintiff has written to the court include many

3

similar discovery requests, including additional requests for video surveillance and subpoenas of officers, and he names a municipal judge as a potential witness. [ECF Nos. 22, 23, 25.] He sometimes restates claims from his complaint—for instance, that men are given panties to wear in jail. [ECF No. 21.] And he makes general allegations about being wronged. *Id.* He also alleges he has a learning disability, and he indicates he would like to pursue criminal charges if his case is dismissed. [ECF No. 26.]

The court has carefully reviewed the objections and all of the letters received from Plaintiff, but none of them has any bearing on the reasons for dismissal outlined in the Report. That is, the Report thoroughly explains why the defendants should all be dismissed and why Plaintiff has failed to raise any claims upon which relief can be granted. And nothing in Plaintiff's objections or letters provides further clarity or cures any deficiencies in the complaint itself. The court finds that Plaintiff's discovery requests and general objections about being wronged and requests for help do not trigger a de novo review of the Report. *Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).

On the other hand, liberally construing other objections, for instance, Plaintiff's statement that he cannot get his back looked at and his restatement of his claim that being given knit panties to wear violates his constitutional rights arguably require the court to do a de novo review of parts of the Report. *See Elijah*, 66 F.4th at 460–61 ("[D]istrict courts must review de novo any articulated grounds to which the litigant appears to take issue."). Regarding Plaintiff's statement about his back, it is not clear what claim that alleged injury would go to, but if it relates to his conditions of confinement or medical indifference claims, the fact that he cannot prove any injury by going to a medical doctor does not cure the deficiencies with those claims. Notably, Plaintiff

4

has not identified any particular defendant who is responsible for those alleged deprivations, and it is for that reason, not because he cannot prove his injury, that these claims must be dismissed. *See* ECF No. 16 at 12, 14–17. As to the knit panties, Plaintiff has not alleged a condition of confinement that rises to the level of a constitutional violation, nor has he identified a particular defendant with respect to that claim. *See* ECF No. 16 at 10–13; *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." (internal citations omitted)). That claim, too, is subject to dismissal as Plaintiff has failed to state a claim on which relief can be granted. For these reasons, Plaintiff's objections are overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in this case in accordance with applicable standards of law, the court **ADOPTS** the Report and Recommendation, ECF No. 16. Accordingly, Plaintiff's complaint is **DISMISSED** without leave to amend and without issuance and service of process.

**IT IS SO ORDERED.**

April 30, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge